UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMAR GARVIN, | ) | |
| | ) | No.   18-cv-630 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | The Honorable Manish S. Shah |
| | ) | |
| La RABIDA CHILDREN'S HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, OMAR GARVIN, by counsel, Edward R. Moor or Moor Law Office, P.C., states in response to La RABIDA CHILDREN'S HOSPITAL's ("La Rabida") Rule 12(b)(6) Motion to Dismiss, as follows:

**I.   ARGUMENT**

Defendant has answered Count I of the complaint, which alleges gender discrimination in violation of Title VII of the Civil Rights Act of 1964.

Defendant asserts that Count II, which asserts a claim for retaliation, does not allege an adverse employment action, and even if it did, claims that it does not allege a causal connection between a protected activity and an adverse employment action.

Supporting the argument by hyperbole and by citation primarily to cases decided on summary judgment which frequently held that insufficient evidence had been adduced, the Defendant ignores that the *pleading* standard for retaliation is minimal.  *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 957 (N.D. Ill. 2013).   F.R.Civ.P. 8 only requires that Plaintiff provide "fair notice" of his claim by giving "enough details about the subject-matter of the case

to present a story that holds together." *Green v. Scurto Cement Const., Ltd.*, 820 F. Supp. 2d 854, 858 (N.D. Ill. 2011) (*quoting Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.2010)).

More on point, Defendant purports to invoke the rule that Plaintiff has pled himself out of a case because *some* acts can be so minor or remote that they do not rise to the level of a materially adverse employment action or they cannot be casually related. This, of course, was recognized in *Burlington Northern & Santa Fe Railway Co.*, 548 U.S. 53, 126 S.Ct. 2405 (2006), as a possibility that did not apply in that case, but this Defendant's attempt to obtain such a result is based on a clear misreading of Plaintiff's complaint.

The complaint alleges that Plaintiff was not promoted and was unfairly written up because he had complained to his manager about gender harassment (Complaint, ECF # 1 at ¶ 15). After a director refused to meet Plaintiff about his complaints when he requested such a meeting but harassed him instead (ECF # 1 at ¶¶ 18-19), after his supervisor continued to harass him when he again brought up the issue of harassment (ECF #1 at ¶ 21), and **one month** after he was told by the Human Resources Department to drop the issue when he went to complain about the ongoing harassment in May 2017 (ECF # 1 at ¶ 26), Plaintiff was passed over for a promotion in June 2017 (ECF # 1 at ¶¶ 24 and 27). He was given false negative reviews prior to being passed over for promotion because he had complained about gender harassment. (ECF # 1 at ¶¶ 16, 21). This is neither so *unrelated* to employment that it cannot constitute an adverse action, nor so *remote* in time that there can be no causal connection. Yet, that is all this Defendant argues. Defendant's motion should be denied.

Being passed over for a promotion in retaliation for complaining about gender harassment is an adverse employment action. *Troutt v. City of Lawrence*, 1:06-CV-1189-DFH-TAB, 2008 WL 3287518, at *13 (S.D. Ind. Aug. 8, 2008). The applicable standard is that the

2

retaliatory actions must be materially adverse in the sense that they would prevent a reasonable employee from making or supporting a complaint. *Burlington Northern*, 548 U.S. at 70. Here, being told by the HR Department to "drop it" is a materially adverse act that could prevent any reasonable employee from making or pursing a complaint. Similarly, being passed over for promotion is a materially adverse employment action. Further, the negative reviews and comments Plaintiff alleges (ECF # 1 at ¶¶ 16, 21) was accompanied by a tangible job consequence: Plaintiff was passed over for promotion. See *Jones v. Res-Care, Inc.*, 613 F.3d 665 (7th Cir. 2010) (job consequence required in Title VII retaliation cases). Lastly, despite Defendant's assertions, Plaintiff did allege that these adverse actions were taken because Plaintiff had engaged in protected activity. (ECF #1 at ¶ 34).

Most of the cases cited by Defendant were decided on summary judgment and are not pleading cases. Most hold that a Plaintiff failed to adduce evidence of a job consequence or casual relation. None compel the dismissal of Count II.

There was no long gap between the protected activity and retaliation as Defendant argues. *Hughes v. Derwinski*, 967 F.2d 1168 (7th Cir. 1992), decided on a grant of summary judgment, held that retaliation, in the form of disciplinary letters, issuing four months in one instance and three years in another after protected activity, was too remote because, standing alone, these events did not raise an inference that Plaintiff's protected activity was the reason for the adverse action. Here, the Plaintiff underwent a long course of discrimination and harassment after multiple complaints, and one month before being passed over for promotion was told by the Human Resources Department to "drop it." Not only is this unlike *Hughes* because the temporal relation of events alleged is much more direct that in *Hughes*, but Garvin does not have to plead the method by which he will prove his case, *i.e.* the direct method or the indirect method, and

3

does not even have to plead "evidence . . . at the pleading stage." *Carlson v. CSX Transportation, Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). Simply put, it would be improper to dismiss the case based on *Hughes*, a case that held that the Plaintiff had insufficient evidence of discrimination to oppose a motion under F.R.Civ.P. 56.

Similarly, in *Hudson v. Chicago Transit Authority*, 375 F.3d 552 (7th Cir. 2004), a case decided under Rule 56, the Plaintiff failed to adduce evidence that being passed over for promotion was retaliation under Title VII where he had not applied for the promotion, *Id.* at 558, and because he failed to establish direct evidence of retaliatory motive. *Id.* at 559. The holding has no bearing on a Rule 12(b)(6) motion. A Rule 56 standard is "too demanding a standard" upon which to conduct a 12(b)(6) analysis. *Carlson v. CSX Transportation, Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

*MacGregor v. DePaul University*, 10-cv-107, 2010 WL 4167965 (N.D.Ill October 13, 2010), cited by Defendant, is a Rule 12(b)(6) case, but the Plaintiff there did not allege that she was harassed, falsely written up and passed over for a promotion after being told by the HR Department to "drop it." Rather, the Plaintiff merely alleged that the removal of her name from a collection of architectural photographs was retaliatory, but she failed to allege that the removal had any consequence on her job: "[s]he has not adequately alleged why the removal of her name bears such significance that it qualifies as an adverse employment action, as opposed to a trivial harm or other minor annoyance." *Id*. at *6. How this holding is analogous to this case is not explained by Defendant other than by mischaracterizing Plaintiff's allegations.

*Hilt-Dyson v. City of Chicago*, 282 F.3d 456 (7th Cir. 2002), cited by Defendant, was a Rule 56 case which, as to retaliation, held that being asked to raise one's arms in a uniform inspection at a police station was not an adverse employment action. How this holding helps the

4

Defendant here is a mystery. Defendant has not filed a motion for summary judgment, not least because discovery has not commenced yet. Further, Plaintiff does not allege that he was asked to raise his arms in a uniform inspection, but instead alleges that he was passed over for promotion after long complaining about gender harassment and one month after being told to "drop it" by the HR Department. Being passed over for promotion in retaliation for complaining about harassment to supervisors is an adverse employment action.

*Stephens v Erickson*, 569 F.3d 779 (7th Cir. 2009), was also decided after the grant of a Rule 56 motion, and the court affirmed the district court's conclusion that the Plaintiff had failed to adduce evidence of a causal connection between his 1997 lawsuit for discrimination and being passed over in 2004 for promotion. This was a gap of seven years. Plaintiff adduced no evidence that his interviewers knew of the prior lawsuit. Nor did Plaintiff adduce evidence of animosity. On this record, the court held that summary judgment was proper. How this holding compels the grant of Defendant's motion here is unclear. There is no similarity at all between Plaintiff's complaint and the facts adduced after discovery as reported in *Stephens*.

*Jones v. Res-Care, Inc.*, 613 F.3d 665 (7th Cir. 2010), cited by Defendant, was also a Rule 56 case. The court held that Plaintiff's evidence there was "palpable tension" after she filed an EEOC claim did not rise to the level of a tangible job consequence or an adverse employment action. How this holding aids the Defendant here is unclear. We are not on a Rule 56 motion, and Plaintiff is not alleging a mere "palpable tension" in the air after he complained, as explained above.

*Princeton v. Lowe's Home Centers, Inc.*, 09-cv-1942, 2009 WL 3824610 (N.D. Ill. November 16, 2009), was, at least, decided on a Rule 12(b)(6) motion, but given that the alleged retaliation in *Princeton* was a transfer between department in a Lowes store without any decrease

5

in hours, pay or a significant diminution in responsibility, which has long been held to not be an adverse employment action, it is unclear how this holding could aid Defendant here. Plaintiff is alleging that he was, among other things, denied a *promotion* after complaining about gender harassment. He is not alleging a transfer with no diminution in pay, hours or duties, and on a 12(b)(6) motion the complain must be viewed in the light most favorable to the plaintiff. *Carlson v. CSX Transportation, Inc.*, 758 F.3d 819, 826 (7th Cir. 2014).

*Spangler v. Board of Trustees of the University of Illinois*, 13-cv-4859, 2015 WL 6784339 (N.D.Ill. November 6, 2015), was a Rule 56 case which held that Plaintiff presented insufficient evidence in response to the motion for summary judgment that retaliation occurred because, *inter alia*, negative reviews without a job related consequence have been held to not constitute an adverse employment action. Here, Plaintiff has alleged a job consequence: he was not promoted.

*Brown v. Advocate South Suburban Hospital*, 700 F.3d 1101 (7th Cir. 2012), is even more remote to the relief that the Defendant seeks. In *Brown*, the plaintiffs "acknowledge[d] that they were never formally disciplined, terminated, or denied pay or benefits. Beyond that, they are hazy about precisely how they believe the defendants retaliated against them." *Id.* at 1107. Here, Plaintiff's complaint bears no similarity to the evidence that the *Brown* Plaintiffs adduced in response to the motion for summary judgment at issue.

*Marshall v. Illinois Department of Human Services*, 00-cv-4680 2004 WL 432461 (N.D.Ill. February 18, 2004), cited by Defendant, was also a Rule 56 case. The Plaintiff failed to "present any evidence that the substance of her complaints . . . had anything to do with discrimination of any other activity that Marshall could reasonably believe was protected by Title VII." *Id.* at *8. The court also held that a ten-month interval between the alleged protected

6

activity (if any) and an alleged delay in her promotion was too long a period to permit an inference of retaliation. *Id.* at *9. This Rule 56 holding, even if capable of being translated into the rubric of Rule 12(b)(6), has no bearing on Plaintiff's complaint. Complaining to a supervisor about harassment is a protected activity. *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015). Plaintiff alleges he complained multiple times to supervisors, was rebuffed, ignored, and written up and then told when he complained to HR to "drop it." One month later he was passed over for promotion. Plaintiff's allegations both involve protected activities and do not involve a ten-month delay.

None of the other cases that the Defendant cites are more germane. But Defendant suggests that because the Plaintiff was *eventually* promoted, even if only after he filed with the EEOC, that no liability should attach to the alleged retaliation as a matter of law.

Defendant's plea for a free pass should be rejected. Here the plaintiff was passed over for promotion after he complained about gender harassment to his supervisors and the HR Department. The fact that he was *later* promoted when he filed with the EEOC is as irrelevant as the fact that in *Burlington Northern & Santa Fe Railway Co.*, 548 U.S. 53, 126 S.Ct. 2405 (2006) the suspended employee was later vindicated and awarded backpay in a grievance procedure that reversed her 37-day suspension. The employee in *Burlington* was without pay for 37 days and testified that it impacted her at trial. *Id.* at 72-73. The Court rejected the defendant's argument that the 37-day suspension was without statutory significance because plaintiff was ultimately reinstated and awarded back pay. *Id.* at 72. Here, the Plaintiff was *not* promoted because of gender discrimination between June and December 2017, and his later promotion does not cure or make harmless the retaliation that he did suffer. This alleges retaliation even if the period of deprivation is only six months instead of eternity. Defendant's motion should be denied.

7

WHEREFORE, Plaintiff, OMAR GARVIN, by counsel, respectfully requests that this Court enter an order denying the Defendant's Motion to Dismiss Count II and order the Defendant to answer Count II within twenty-one (21) days.  Plaintiff further prays for any other relief that this Court deems just.

        Respectfully submitted,


        /s/     Edward R. Moor

        Moor Law Office, P.C.
        One North LaSalle Street, Suite 600
        Chicago, Illinois 60602
        312-726-6207
        erm@moorlaw.net